KELLY, Judge.
The State appeals from an order that granted, in part, Dennis Johnson’s motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, vacated his judgment and sentence for aggravated battery, and granted him a new trial. Because we agree with the State that the postconviction court erred in *455 granting Johnson relief on his claim of ineffective assistance of counsel, we reverse. We find no merit in the issues Johnson raised in his cross-appeal and affirm those issues without discussion.
Johnson was charged with attempted second-degree murder stemming from an incident in which Johnson stabbed the victim in the back. Following his conviction for the lesser-included offense of aggravated battery, Johnson was sentenced to twenty-five years in prison with a fifteen-year mandatory minimum sentence as a prison releasee reoffender. This court affirmed Johnson’s conviction and sentence. Johnson v. State, 976 So.2d 1107 (Fla. 2d DCA 2008) (table decision). Johnson subsequently filed a motion for postconviction relief alleging numerous grounds of ineffective assistance of counsel. The postcon-viction court summarily denied all but one of Johnson’s claims — that counsel rendered ineffective assistance by inquiring on direct examination if any of his prior felony convictions involved violence.
At the evidentiary hearing on this claim, trial counsel explained that he asked Johnson about the nature of his prior convictions in response to Johnson’s testimony that he had been convicted of nine felonies. In an effort to place this fact into context and distinguish it from the violent stabbing with which he was charged, trial counsel asked Johnson: “And, to the best of your knowledge, none of those have been for violence, have they?” Johnson replied that he had a previous domestic battery but “[n]othing of going bodily, causing blood to come from a human.” At the conclusion of the hearing, the postconviction court found trial counsel ineffective for questioning Johnson about his “violent” crimes. The court determined that this questioning, coupled with trial counsel’s failure to cross-examine the victim regarding his prior offenses, undermined confidence in the outcome of the trial.
To obtain relief on a claim of ineffective assistance of counsel the defendant must show both deficient performance by counsel and prejudice. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To satisfy the performance prong, “the defendant must specifically identify acts or omissions of counsel that were manifestly outside the wide range of reasonably competent performance under prevailing professional norms.” Lynch v. State, 2 So.3d 47, 56-57 (Fla.2008). Generally, the prejudice prong requires the defendant to establish “a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
Considering that the jury heard Johnson had nine felony convictions and that his defense was that the stabbing was an accident, we cannot conclude that trial counsel’s questioning was “manifestly outside the wide range of reasonably competent performance under prevailing professional norms.” Lynch, 2 So.3d at 56-57. See Kormondy v. State, 983 So.2d 418 (Fla.2007) (upholding trial counsel’s decision to concede defendant’s guilt to lesser crimes in order to argue innocence of greater crimes). To the extent the postconviction court found that Johnson was prejudiced because trial counsel did not question the victim regarding his prior criminal history, we disagree. Johnson admitted that the victim was running away from him and that he chased after the victim with a knife. So, even assuming counsel’s failure to question the victim regarding his criminal history amounted to deficient performance, we conclude that Johnson did not establish “a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been *456 different.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Accordingly, we reverse that part of the order on appeal that granted Johnson relief on his postconviction motion and remand with instructions that his judgment and sentence for aggravated battery be reinstated. In all other respects, the order is affirmed.
Affirmed in part; reversed in part; remanded with directions.
CRENSHAW and SLEET, JJ., concur.